# 19-1863-cv

IN THE

# UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

TRAVIS HAYWARD,

Plaintiff-Appellant,

CECIL PERSAUD, BRUCE LAKE,

Plaintiffs,

-against-

IBI ARMORED SERVICES, INC., and MICHAEL SHIELDS,

Defendants-Appellees.

## BRIEF FOR PLAINTIFF-APPELLANT

Michael H. Zhu, Esq., P.C.
225 Broadway, Third Fl.
New York, NY 10007
 (212) 227-2245
mzhu@mzhulaw.com

*Appellate Counsel to*

Cilenti & Cooper, PLLC
Attorneys for plaintiff-appellant
155 East 44th Street - 6th Floor
New York, New York 10017
Telephone (212) 209-3933
pcooper@jcpclaw.com

*Of Counsel*
  Michael H. Zhu, Esq.
  Peter H. Cooper, Esq

EDNY Docket No. 17-02944(ILG-CLP)

*Printed on Recycled Paper*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.............................................i

PRELIMINARY STATEMENT............................................1

JURISDICTIONAL STATEMENT.........................................2

STATEMENT OF THE ISSUES.........................................2

BRIEF STATEMENT OF THE CASE AND SUMMARY OF ARGUMENT...........2

STATEMENT OF FACTS..............................................4

STANDARD OF REVIEW..............................................8

ARGUMENT

THE JUDGMENT APPEALED FROM SHOULD BE REVERSED AND
PLAINTIFFS' CLAIM FOR OVERTIME AT THE RATE OF AT
LEAST ONE AND ONE HALF TIMES THE MINIMUM WAGE REINSTATED
BECAUSE THE PLAIN LANGUAGE OF THE NYLL PROVIDES THAT EXEMPT
EMPLOYEES ARE ENTITLED TO OVERTIME COMPENSATION AT RATES
OF NOT LESS THAN ONE AND ONE-HALF TIMES THE APPLICABLE
STATUTORY MINIMUM RATE OF PAY FOR EACH HOUR
WORKED IN EXCESS OF FORTY HOURS IN A WORKWEEK..................8

    A.   Statutory Framework of FLSA and NYLL................10

    B.   The MCE does not Preclude
    Plaintiffs from Obtaining Reduced Overtime
    Under New York's Labor Law..............................13

    C.   Other Exempted Employees Under
    FLSA are Also Eligible for
    Overtime Benefits Under NYLL............................18

CONCLUSION.....................................................25

Certificate of Compliance......................................26

## TABLE OF AUTHORITIES

**Cases**

Bilyou v. Dutchess Beer Distribs., Inc. ., 300 F3d 217, 222
 (2d Cir. 2002) ............................................... 11

Brown v. Henderson, 257 F3d 246, 251 (2d Cir. 2001) ........... 8

Edwards v. Jet Blue Airways Corp., 21 Misc3d 1107(A)
 (Sup Ct Kings Cty 2008) ................................. 23, 24

Gottlieb v. Carnival Corp., 436 F3d 335, 337-38
 (2d Cir. 2006) ............................................... 9

Heng Guo Jin v. Han Sung Sikpoom Trading Corp.,
 2015 WL 5567073 (EDNY 2015) .................... 11, 13, 14, 15

Hernandez v. Alpine Logistics, LLC, 2011 WL 3800031
 (WDNY 2011) ............................................ 11, 15

Hornstein v. Negev Airbase Constructors, 110 AD2d 884, 885
 (2d Dept. 1985) ............................................ 12

Manliguez v. Joseph, 226 FSupp2d 377 (EDNY 2002) ......... 18, 20

Marentette v. Abbott Laboratories, Inc., 886 F3d 112, 116
 (2d Cir. 2018) ............................................... 8

Maresco v. Evans Chemetics, 964 F2d 106, 110 (2d Cir. 1992) .... 8

Miller v. Wolpoff & Abramson, LLP, 321 F3d 292, 300
 (2d Cir. 2003) ............................................... 8

Nikolaeva v. Home Attendant Services of Hyde Park,
 2018 WL 6984837 (EDNY 2018) ............................. 20, 21

Pettis Moving Co. v. Roberts, 759 F2d 439 (2d Cir. 1986) ...... 13

Ray v. Debt Free Nation, Inc., 2014 WL 957023 at * 11
 (SDNY 2014) ................................................ 12

Samiento v. World Yacht Inc., 10 NY3d 70, 79 (2008) .......... 17

Scholtisek v. Eldre Corp., 697 FSupp2d 445, 468 (WDNY 2010) ... 17

Seenaraine v. Securitas Sec. Services USA, Inc.,
 37 AD3d 700, 701-02 (2d Cir. 2007) ......................... 17

Severin v. Project Ohr, Inc., 2012 WL 2357410 at *8
 (SDNY 2012) ........................................ 17, 21, 22

Shillingford v. Astra Home Care, Inc., 293 FSupp3d 401
 (SDNY 2018) ............................................ 22, 23

Stuto v. Fleishman, 164 F3d 820, 824 (2d Cir. 1999) ........... 8

Vaicaitiene v. Partners in Care, Inc., 2005 WL 1593053
 (SDNY 2005) ................................................ 20

**Statutes**

28 USC §1291 ................................................ 2

29 USC §201 ................................................. 3

29 USC §207(a)(1) .......................................... 10

29 USC §213(b)(1) ................................. 4, 5, 6, 10

29 USC §213(b)(21) ......................................... 19

29 USC §218(a) ............................................. 10

49 USC §31502(b)(2) ........................................ 11

New York Labor Law §650 ............................... 1, 2, 3

i

**Rules**

FRCP 54(b)............................................... 2, 7

**Regulations**

12 NYCRR §142-2.2...................................... passim
12 NYCRR §146-1.2......................................... 5

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT

-----------------------------------------X

TRAVIS HAYWARD,                                    Docket No.
                                                   2019-1863
              Plaintiff-Appellant,

CECIL PERSAUD, BRUCE LAKE,
                                                   **APPELLANT'S**
              Plaintiffs,          <u>**BRIEF**</u>

     -against-

IBI ARMORED SERVICES, INC., and
MICHAEL SHIELDS,

              Defendants-Appellees.

-----------------------------------------X

<u>**PRELIMINARY STATEMENT**</u>

Plaintiff-appellant Travis Hayward and opt-in plaintiffs (collectively "plaintiffs") respectfully submit this brief in support of their appeal (261[1]) from a final judgment dated June 24, 2019 (264) and from a Memorandum and Order dated April 11, 2019 (265-272) which granted defendants-appellees IBI Armored Services Inc., and Michael Shields' (collectively "IBI") motion for partial summary judgment and dismissal of plaintiffs' overtime claims under federal and state law, and denied plaintiffs' cross-motion for partial summary judgment on their claim for statutory minimum overtime compensation and penalties pursuant to the New York Labor Law §650, *et seq*.

---

[1] Numerical references are to the pages of the Joint Appendix.

1

## JURISDICTIONAL STATEMENT

The Court has jurisdiction over this appeal pursuant to 28 USC §1291. Permission to enter a final judgment pursuant to FRCP 54(b) was granted by the District Court by Order dated June 13, 2019. (253-259) The Judgment appealed from was entered in the Clerk's Office on June 26, 2019. (260) The Notice of Appeal from a final judgment was timely filed on June 26, 2019. (261)

## STATEMENT OF THE ISSUES

Did the district court err in granting defendants' motion for partial summary judgment and dismissal of plaintiffs' claims for statutory minimum overtime compensation and penalties pursuant to the New York Labor Law §650, *et seq.*, holding these claims exempt under the Motor Carrier Act Exemption to the Fair Labor Standards Act?

Did the district court err in holding that holding that New York Minimum Wage Order 12 NYCRR §142-2.2 adopted the Motor Carrier Act Exemption and precluded Plaintiffs' overtime claim?

## BRIEF STATEMENT OF THE CASE AND SUMMARY OF ARGUMENT

Plaintiff-appellant Travis Hayward, and twenty-eight opt-in plaintiffs were former employees of defendants, who own and operate an armored car company; plaintiffs were employed as drivers and typically worked well over forty hours per week. As alleged in the complaint and in his affidavit, Mr. Hayward

2

worked at least twelve hours per shift, six days per week. In 2014 through March 2015, he earned $11.00 per hour, for all hours worked. Beginning in March 2015 his rate of pay was increased to $12.00 per hour, for all hours worked.

The complaint alleged that IBI failed to pay plaintiffs wages for all hours worked, minimum wages and overtime compensation at one-and-one-half times the statutory minimum wage, and sought damages under the federal Fair Labor Standards Act, as amended, 29 USC §201, et seq. ("FLSA"), and the New York Labor Law §650, et seq.

In support of their motion for partial summary judgment, defendants argued that plaintiffs' claims for overtime compensation were barred as a matter of law, for any plaintiff (including Mr. Hayward) who was exempt from overtime compensation pursuant to the FLSA's Motor Carrier Act Exemption ("MCE"), as set forth in section 13 of the FLSA.

In opposition, and in support of their cross-motion, plaintiffs argued that even though they may have been exempt pursuant to the MCE of the FLSA, an applicable New York State Minimum Wage Order provided that they were nevertheless entitled to overtime compensation at rates of not less than one and one-half times the applicable statutory minimum rate of pay for each hour worked in excess of forty hours in a workweek. See, 12

3

NYCRR §142-2.2. Plaintiffs also sought summary judgment on defendants' violation of the weekly wage statement requirements under the New York Labor Law, awarding statutory penalties as a matter of law.

The district court, by order dated April 11, 2019 (241-248) granted defendants' motion and denied plaintiffs' cross-motion, holding principally that because the plaintiffs were subject to the MCE under 29 USC §213(b)(1), their overtime claims under both the FLSA and 12 NYCRR §142-2.2 were dismissed because the latter "expressly includes all exemptions to the FLSA. Accordingly, Plaintiffs' overtime claim under the NYLL is dismissed". (247)

Respectfully, the order and judgment appealed from should be reversed and plaintiffs' cross-motion for summary judgment granted, because plaintiffs were not seeking overtime at one and a half times their regular rate but only one and a half times the New York State minimum wage as per the plain language of the Wage Order.

## STATEMENT OF FACTS

The relevant facts are largely undisputed.

At all relevant times, plaintiffs were employed by defendants as armored truck drivers. With the exception of four

4

individuals[2], it was acknowledged for the purposes of the summary judgment motions that plaintiffs were subject to the Motor Carrier Act Exemption under the FLSA §213(b)(l). (43-44)

Mr. Hayward worked over 40 hours per week and typically worked at least twelve hours per shift, six days a week. For certain weeks, he worked seven days. (48)

In 2014 through March 2015, Mr. Travis earned $11.00 per hour, for all hours. After March 2015, he earned $12.00 per hour. The company did not put the number of hours he worked on his paycheck and did not provide a written notice of his pay rate. (48)

Despite working more than forty hours per week, plaintiffs did not receive any overtime pay at the rate of one and a half times the New York State minimum rate. (49)

In the Complaint, plaintiffs alleged that the defendants failed to pay wages for all hours worked, minimum wages, and overtime compensation at one and one-half times the statutory minimum wage[3] and seek damages under the FLSA and the New York Labor Law. (56, 61-64)

---

[2] Norman Edwards, William Mendez, Pablo Garcia, and Andre Gordon. (47)

[3] At all relevant times, the basic minimum hourly rate was set forth in 12 NYCRR §146-1.2, as follows: $7.25 per hour prior to December 31, 2013; $8.00 per hour on and after December 31, 2013; $8.75 per hour on and after December 31, 2014; $9.00 per hour on and after December 31, 2015; $11.00 per hour on and after December 31, 2016.

The defendants moved for partial summary judgment of plaintiffs' FLSA and NYLL overtime claims, or in the alternative, a declaratory judgment stating that plaintiffs are not entitled to overtime under the NYLL because they are subject to the FLSA's Motor Carrier Exemption, which provides that mandatory overtime compensation does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49 . . . ." 29 USC § 213(b)(1). (14-33)

Because all but four plaintiffs conceded they were subject to the MCE, the district court dismissed their FLSA overtime claims. (244)

However, with respect to the NYLL, plaintiffs argued in support of their cross-motion that they were likewise entitled to partial summary judgment, because the Wage Order mandates that employees who are exempt pursuant to the MCE are nevertheless entitled to overtime compensation at the rate of one and a half times the applicable *New York State minimum rate* under the NYLL. (117-130)

Denying plaintiffs' motion, the district court held that plaintiffs were not entitled to a reduced overtime rate as provided by the Wage Order, because the NYLL adopted the FLSA's

6

MCE, which precludes recovery of overtime pay. (246) In its decision, the district court rejected a New York State Department of Labor opinion that employees who are subject to the exemption under the FLSA are nevertheless entitled to a reduced overtime rate because neither the NYLL nor the Wage Order "exclude() such employees from the definition of 'employee,' contained therein," finding that such a conclusion by the Department of Labor, "is an impermissible construction of the regulation given that it expressly includes all exemptions to the FLSA. Accordingly, Plaintiffs' overtime claim under the NYLL is dismissed." (246-247)

Following the issuance of the district court order granting defendants' motion for partial summary judgment, plaintiffs moved for the entry of a final judgment pursuant to FRCP Rule 54(b) so plaintiffs could take an immediate appeal to this Court. (249-250) Defendants opposed. (251-252) The district court, by order dated June 13, 2019 granted plaintiffs' application for a final judgment as to their overtime claim pursuant to FRCP Rule 54(b). (259)

Following the entry of a final judgment (260), this appeal ensued. (261)

7

## STANDARD OF REVIEW

The standard of review for a district court's granting of summary judgment pursuant to FRCP Rule 56 is a *de novo* review. See, <u>Miller v. Wolpoff & Abramson</u>, LLP, 321 F3d 292, 300 (2d Cir. 2003) ("Our standard for review for . . . motions for summary judgment is de novo."); <u>Stuto v. Fleishman</u>, 164 F3d 820, 824 (2d Cir. 1999). In doing so, this Court must resolve all ambiguities and draw all factual inferences in favor of the non-movant. <u>Brown v. Henderson</u>, 257 F3d 246, 251 (2d Cir. 2001). Summary judgment is not appropriate where a review of the record reveals sufficient evidence for a rational trier of fact to find in the non-moving party's favor. See, <u>Maresco v. Evans Chemetics</u>, 964 F2d 106, 110 (2d Cir. 1992).

Additionally, this Court reviews the application of preemption principles *de novo*. <u>Marentette v. Abbott Laboratories, Inc.</u>, 886 F3d 112, 116 (2d Cir. 2018).

### ARGUMENT

**THE JUDGMENT APPEALED FROM SHOULD BE REVERSED
AND PLAINTIFFS' CLAIM FOR OVERTIME AT THE RATE OF AT LEAST ONE
AND ONE HALF TIMES THE MINIMUM WAGE REINSTATED
BECAUSE THE PLAIN LANGUAGE OF THE NYLL PROVIDES THAT
EXEMPT EMPLOYEES ARE ENTITLED TO OVERTIME
COMPENSATION AT RATES OF NOT LESS THAN ONE AND ONE-HALF
TIMES THE APPLICABLE STATUTORY MINIMUM RATE OF PAY FOR
<u>EACH HOUR WORKED IN EXCESS OF FORTY HOURS IN A WORKWEEK</u>**

Although there is no dispute that the plaintiffs cannot recover for overtime under the FLSA because they are subject to

8

the MCE, the district court erred in holding that plaintiffs may not recover reduced overtime compensation under NYLL at a rate of one and one-half times the New York State minimum rate.

As this appeal raises issues of statutory interpretation, we provide a brief discussion of the applicable standard of review. Generally, in a case of statutory construction,

> (s)tatutory analysis begins with the text and its plain meaning, if it has one. (Cite) If a statute is ambiguous, we resort to canons of statutory construction to help resolve the ambiguity. (Cite) Finally, "when the plain language and canons of statutory interpretation fail to resolve statutory ambiguity, we will revert to legislative history." (Cite)

Gottlieb v. Carnival Corp., 436 F3d 335, 337-38 (2d Cir. 2006).

This Court explained further in Gottlieb the steps involved in the interpretation of a statute:

> First, when determining the meaning of a statutory provision, "the text should be placed in the context of the entire statutory structure." (Cite) "(A) statute is to be considered in all its parts when construing any one of them." (Cite) "Normally, a statute must, if reasonably possible, be construed in a way that will give force and effect to each of its provisions rather than render some of them meaningless." (Cite). Second, "(b)ackground principles of law in effect at the time Congress passes a statute can be useful in statutory interpretation." (Cite).

Id. at 338.

In this case, we submit that the district court erred in its statutory interpretation and analysis of the overtime

9

provisions of 12 NYCRR §142-2.2, and its plain application to the facts of this case.

## A.    Statutory Framework of FLSA and NYLL

The FLSA requires employers to pay their employees at least the federal minimum wage for every hour worked. 29 USC §206. The FLSA further provides that employers must pay their employees the state minimum wage if it exceeds the federal minimum wage. See 29 USC §218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter ....").

With respect to overtime, generally, the FLSA requires compensation at one and one-half times the employee's regular rate for every hour worked over forty hours per week. See, 29 USC §207(a)(1). However, that general rule is subject to a number of exemptions, including the MCE under 29 USC §213(b)(1). The MCE does not define its own contours but rather defines its scope by reference to the Motor Carrier Act. Specifically, the Exemption provides that the FLSA's overtime requirements do not apply to employees whose maximum hours of service are regulated by DOT under the Motor Carrier Act. 29 USC §213(b)(1). The Motor Carrier Act grants the DOT regulatory power over the maximum

10

hours of service of employees of "a motor private carrier." 49 USC §31502(b)(2); see generally, <u>Bilyou v. Dutchess Beer Distribs., Inc .</u>, 300 F3d 217, 222 (2d Cir. 2002) (describing the Exemption prior to then recent changes).

In this case, plaintiffs conceded below that they are subject to the MCE, and therefore, the district court correctly dismissed the plaintiffs' FLSA claim for overtime pay.

The NYLL's overtime-wage provision, which parallels the FLSA's, incorporates the MCE by reference such that the MCE applies to NYLL overtime claims. See, 12 NYCRR §142-2.2. But the NYLL creates an alternate remedy for employees subject to the FLSA's exemptions whose regular hourly rate of pay is less than 1.5 times the state minimum wage. In this regard, the NYLL provides that "an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standard Act," which as conceded, includes the MCE, "overtime at a wage rate of one and one-half times the basic minimum hourly rate." 12 NYCRR §142-2.2. Here, plaintiffs including Mr. Hayward must therefore be paid overtime wages at one and one-half the New York state minimum wage, for overtime hours worked, notwithstanding being exempt from overtime under the FLSA. See, <u>Heng Guo Jin v. Han Sung Sikpoom Trading Corp.</u>, 2015 WL 5567073 (EDNY 2015); <u>Hernandez v. Alpine Logistics, LLC</u>, 2011 WL 3800031 (WDNY 2011).

11

As such, the district court's conclusion that the MCE precludes plaintiffs' claim for any overtime compensation under the NYLL is erroneous and the judgment appealed from should be reversed.

"New York does not have a mandatory overtime law." Ray v. Debt Free Nation, Inc., 2014 WL 957023 at * 11 (SDNY 2014), citing Hornstein v. Negev Airbase Constructors, 110 AD2d 884, 885 (2d Dept. 1985). Instead, the Commissioner of Labor has issued a Minimum Wage Order for Miscellaneous Industries and Occupations (70), applicable to plaintiffs herein. This Wage Order contains the State's overtime requirements, some of which are in addition to those required by federal law. (70) Some occupations, which are exempt from overtime under the federal FLSA, may still be entitled to an overtime premium under the New York State Labor Law. As such, the New York State Department of Labor's promulgated requirements, i.e., the "Wage Order", covers workers who may be exempt from overtime pursuant to the FLSA.

The Wage Order provides that "an employer shall pay employees subject to (the Motor Carrier Exemption of the FLSA) . . . overtime at a wage rate of one and one-half times the basic minimum hourly rate." 12 NYCRR §142-2.2. (70)

Simply stated, pursuant to the plain language of the Wage Order, plaintiffs who were otherwise exempt must have been paid at the rate of at least time and one-half the state statutory

12

minimum for each hour worked in excess of forty hours in a workweek. 12 NYCRR §142-2.2. Because their "regular rate" of pay was not equal to or greater than 1.5 times the state minimum, their NYLL overtime claim should not have been dismissed.

**B.  The MCE does not Preclude Plaintiffs from Obtaining Reduced Overtime Under New York's Labor Law**

Contrary to the district court's holding, plaintiffs are entitled to a reduced overtime wage of one and a half times the New York minimum wage[4] under the NYLL despite the MCE, because the FLSA does not preempt the NYLL.

The law in this regard, is not new, nor is it controversial. This Court held over thirty years ago in <u>Pettis Moving Co. v. Roberts</u>, 759 F2d 439 (2d Cir. 1986), that the New York State's minimum wage law was not preempted by the Motor Carrier Act of 1935 and found that there was nothing in the FLSA that indicated that Congress had intended to regulate economic competition through the MCA. 784 F2d at 441.

In <u>Heng Guo Jin v. Han Sung</u>, the plaintiff was employed as a delivery driver for a wholesale food supplier based in Queens, NY. In the complaint, he alleged, *inter alia*, that the defendants failed to pay him overtime and minimum wage as

---

[4] This provision under the New York Labor Law is applicable because plaintiffs' regular wage was less one and one half times applicable minimum wage, for all hours worked. If, for the sake of argument, plaintiffs' regular wage was *higher* than one and one half times the minimum wage, they would not be eligible for additional overtime compensation due to the MCE.

required by the FLSA and the NYLL. The defendants moved for summary judgment with respect to the overtime and minimum wage claims, arguing that plaintiff was not entitled to overtime compensation based on the MCE. 2015 WL 5567073 at *2-3.

The district court held that plaintiff's employment activities fell within the MCE for certain periods of his employment and dismissed his claims for overtime pay:

> Therefore, although Jin's overtime claims under the NYLL for this period are within the NYLL's six-year limitation period, because he is subject to the Exemption, Jin is not, as a matter of law, entitled to overtime pay at <u>one and one-half times his regular wage rate</u> under the NYLL. The Court therefore grants defendants' motion to the extent they ask the Court to find that Jin is exempt from the NYLL's overtime-wage provisions for work he did prior to June 6, 2008.

<u>Id.</u> at *5 (emphasis added).

Despite this conclusion however, the court further held that pursuant to the same provision of the NYLL, plaintiff may seek a reduced overtime of one and one-half times the basic minimum hourly rate:

> However, the same provision of the NYLL creates an alternate remedy for employees subject to the FLSA's exemptions. The NYLL provides that "an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standard Act," which includes the Motor Carrier Exemption, "overtime at a wage rate of one and one-half times the basic minimum hourly rate." 12 NYCRR §142-2.2. <u>Jin may therefore seek overtime wages at one and one-half the New York state minimum wage for overtime hours worked from December 3, 2007, through June 5, 2008.</u>

14

Id. at *6 (Emphasis added).

Similarly, in Hernandez v. Alpine, the plaintiffs, who were employed as delivery drivers for Alpine, claimed that they were improperly denied overtime benefits under state and federal law. After concluding that plaintiffs were subject to the MCE, and therefore, not entitled to overtime benefits under the FLSA (2010 WL 4541358 at *3-4), the court addressed plaintiffs' claims for overtime compensation in accordance with NYLL:

> According to the plaintiffs, even if they were exempt from overtime under the FLSA during that period, they were entitled under New York State Law to receive at least one-and-one-half times the state's minimum wage for any hours worked in excess of 40 hours in a week, an amount equal to $10.73 per hour. Defendant does not contest plaintiffs' right to overtime under New York Law, but alleges that there are questions of fact as to the number of hours worked.
>
> It is well settled that even if employees are exempt from overtime compensation under the Motor Carrier Exemption of the FLSA, under New York Law, they are still entitled to compensation equal to or greater than one-and-a-half times the minimum wage in the State of New York for overtime hours worked. See 12 NYCRR 142-2.2. Accordingly, I find that from August 27, 2007 to June 6, 2008, plaintiffs were eligible for overtime compensation under New York State Law of at least $10.73 per hour. I therefore grant plaintiffs' motion for summary judgment with respect to their state law claims.

Id. at *7 (emphasis added).

A New York State Department of Labor Opinion Letter dated June 30, 2010 reached the same conclusion. (75-76) There, the owner of a moving and storage company asked the DOL if the "non-

exempt employees of (your) company meet the requirements for the overtime exemption under the FLSA." After explaining that the DOL cannot offer any advice or opinions on the applicability of the FLSA and whether exempt employees are eligible for overtime pay under FLSA, the DOL provided the following opinion:

> Regulations adopted pursuant to the New York State Minimum Wage Act do contain some overtime requirements that apply to employees who are otherwise, exempt under the FLSA.
>
> * * *
>
> Section 651(5) defines "employee" as "any individual employed or permitted to work by an employer in any occupation" but excludes fifteen categories of workers from that definition. (see, Labor Law §651(5)(a-o).) Subpart 2.2 of the Minimum Wage Order for Miscellaneous Industries and Occupations (12 NYCRR § 142-2.2) provides, in relevant part, that all "employees" must be paid at a rate not less than one and one half times their regular rate of pay in accordance with the provisions and exceptions or the FLSA. Subpart 2.2 also provides that <u>employees exempted under Section 13 of the FLSA must nevertheless be paid overtime at a rate not less than one and one half times the minimum wage</u>. In short, "exempt" employees under Section 13 of the FLSA must be paid at a rate of not less than one and one half times the minimum wage for overtime hours worked unless such employees fall outside of the New York Minimum Wage Act's definition of "employee."
>
> * * *
>
> While this Department recognizes the exception set forth in Section 13(b)(1) of the FLSA, nothing within the New York Labor Law or the Minimum Wage Orders otherwise excludes such employees from the definition of "employee" contained therein and, therefore, from the overtime requirements described above. Accordingly, <u>even if these employees meet the requirements of the Motor Carrier Exception in Section 13(b)(l) of the FLSA, they must, under the New York Labor Law, be paid not less than one and one half times the minimum wage rate for all overtime hours worked.</u>

16

(75-76) (Emphasis added)

This DOL Opinion Letter is entitled to deference. "The (NYDOL's) interpretation of a statute it is charged with enforcing is entitled to deference. The construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld." Severin v. Project Ohr, Inc., 2012 WL 2357410 at *8 (SDNY 2012) (quoting Samiento v. World Yacht Inc., 10 NY3d 70, 79 (2008)). Therefore, the question whether defendants' compensation policy violated New York's minimum wage law is contingent on whether the NYDOL's interpretation of its regulation is rational and reasonable. As this opinion is consistent with the cases discussed herein, it cannot be said that the opinion is irrational or unreasonable. See also, Scholtisek v. Eldre Corp., 697 FSupp2d 445, 468 (WDNY 2010) ("Under both federal and New York law, an agency's interpretation of its own regulations is entitled to some deference, particularly if there is any ambiguity in the regulation" ... "Federal courts have accorded such deference to DOL opinions interpreting New York labor regulations."); Seenaraine v. Securitas Sec. Services USA, Inc., 37 AD3d 700, 701-02 (2d Cir. 2007) (stating that DOL's interpretation of particular regulation "is neither unreasonable nor irrational,

17

nor is it in conflict with the plain meaning of the promulgated language. Thus, it is entitled to deference").

## C. Other Exempted Employees Under FLSA are Also Eligible for Overtime Benefits Under NYLL

District courts in this Circuit, while addressing exemptions other than MCE under the FLSA, have also reached a similar conclusion.

For example, in regard to a worker employed as a domestic aide or companion, district courts have consistently held that those exempted employees under FLSA may claim overtime benefits pursuant to NYLL.

For example, in <u>Manliguez v. Joseph</u>, 226 FSupp2d 377 (EDNY 2002), plaintiff was employed by the defendants as a domestic servant and claimed, *inter alia*[5], that the defendants failed to pay her overtime benefits pursuant to federal and state law. The district court noted that although the FLSA required employers to pay overtime benefits for each hour in excess of 40 hours per week, any employee (including the plaintiff therein) who is

---

[5] In addition to the violations of the FLSA and NYLL, plaintiff alleged in her complaint that defendants violated her civil rights by making her an indentured servant, locked her inside their apartment and forced her to work 18 ½ hours per a day, not including the overnight care she was required to provide to their youngest daughter. She further claimed that they denied her any extended periods of rest, confiscated her passport, prohibited her from communicating with people outside their immediate family, fed her stale leftovers, denied her the most rudimentary personal hygiene items, and attempted to sever her ties with her mother in the Philippines, among other allegations. 226 FSupp2d at 384.

18

employed in domestic service in a household and who resides in the household, is exempt from receiving such overtime benefits. 29 USC §213(b)(21).

Despite this finding, however, the district court held that plaintiff was entitled to recover under NYLL overtime benefits of one and one-half times the basic minimum hourly rate:

> FLSA does not, however, pre-empt state regulation of wages and overtime if the state's standards are more beneficial to workers. Section 218(a) of FLSA specifically states:
>
>> No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek established under this chapter.
>
> 29 USCA §218. (cits).
>
> New York law, unlike FLSA, awards reduced overtime compensation for domestic employees:
>
>> (A)n employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to section 13(a)(2) and (a)(4) of such act, overtime at a wage rate of 1 ½ times the basic minimum hourly rate.
>
> N.Y. Comp.Codes R. & Regs. tit. 12, § 142-2.2. See also Ballard v. Cmty Home Care Referral Serv., Inc., 264 A.D.2d 747, 695 N.Y.S.2d 130, 131 (1999) (holding that the regulation limited overtime compensation for home health care aides and other similarly situated employees (e.g., domestic employees) to 1 ½ times the state minimum wage rather than the 1 ½ times the worker's hourly wage).

19

226 FSupp2d at 388-389. See also, <u>Vaicaitiene v. Partners in</u> <u>Care, Inc.</u>, 2005 WL 1593053 (SDNY 2005) ("Defendants argue that Plaintiff 'was paid overtime' in compliance with New York State Law, under 12 NYCRR §142-2.2 (2010), because she was paid at one and one-half times the minimum wage rate. However, <u>the</u> <u>regulation only permits such an overtime rate for exempt</u> <u>employees</u>. For non-exempt employees, an employer is required to pay a wage rate of 'one and one-half times the employee's regular rate.' 12 NYCRR §142-2.2.") (Emphasis added).

In <u>Nikolaeva v. Home Attendant Services of Hyde Park</u>, 2018 WL 6984837 (EDNY 2018), the plaintiff commenced an action against the defendant alleging violations of FLSA and NYLL. The defendant defaulted and after an inquest, the plaintiff was awarded $67,757.03 in damages. The defendant moved to set aside the default judgment, and the motion was referred to a Magistrate for a Report and Recommendation.

The Magistrate recommended that the motion to set aside the default judgment be granted finding certain defenses to be meritorious, including plaintiff's exemption under the FLSA for most of her employment because she was employed as a domestic health aide. However, despite her exempt status, the Magistrate cautioned that this does not preclude plaintiff's claims for overtime benefits under state law:

20

the NYLL would not exempt the Plaintiff from overtime pay based on a companionship exemption. The NYLL requires employers to pay an overtime rate of one-and-a-half times the minimum wage to workers who fall within the exemptions of 29 USC § 213. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.2, 142-3.2. Thus, assuming these wage orders apply to Hyde Park, the Defendant could owe Plaintiff overtime on her NYLL claims for the entire period in question.

Id., at * 4.

In Severin, plaintiffs were employed by defendant as providers of home health care for the elderly and infirm in and around the City of New York and allege that defendant failed to pay them the minimum wage and overtime in violation of the FLSA and NYLL. With respect to plaintiffs' request to certify a class of home attendants who worked more than 40 hours per week and who defendant did not properly compensate for overtime, the district court stated the following:

"There are no provisions governing overtime compensation in" the NYLL. Ballard v. Community Home Care Referral Service, 264 A.D.2d 747, 747, 695 N.Y.S.2d 130 (2d Dep't 1999). Overtime requirements under the NYLL are governed by regulations promulgated by the New York Department of Labor ("DOL"), see 12 N.Y.C.R.R. §§142-2.2, 3.2. These regulations establish two different formulae for calculating overtime pay depending on whether the employee is or is not subject to an exemption under the FLSA. 12 N.Y.C.R.R. §14-23.2 provides

An employer shall pay an employee for overtime at a minimum wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemption of sections 7 and 13 of (the FLSA).... In addition, an

21

> employer shall pay employees subject to the
> exemptions of section 13 of the (FLSA) ...
> overtime at a wage rate for assistance
> interpreting mirror image provisions of 12
> N.Y.C.R.R. §142-3.1 et seq. of one and one-
> half times the basic minimum hourly rate.

12 N.Y.C.R.R. §142-3.2 (emphasis added). Thus, the
NYLL incorporates by reference the FLSA exemptions to
determine an employee's proper rate of overtime pay
under the NYLL. (Cite).

> Consequently, <u>home attendants who fall within the
> FLSA's companionship services exemption are entitled
> by New York law to "overtime at a wage rate of one and
> one-half times the basic minimum hourly rate."</u> 12
> N.Y.C.R.R. § 142-3.2. If, however, the home attendant
> is not subject to the FLSA's companionship exemption,
> then he or she is entitled under New York law to
> overtime pay at time-and-a-half of his or her regular
> hourly rate. Thus, to determine the minimum amount of
> overtime pay, it is necessary first to determine
> whether a home attendant is subject to the FLSA's
> companionship services exemption.

2012 WL 2357410 at *6 (Emphasis added).

Similarly, in <u>Shillingford v. Astra Home Care, Inc.</u>, 293
FSupp3d 401 (SDNY 2018), plaintiff was employed by defendant as
a home health aide who often worked 24-hour shifts without
receiving breaks for sleep or meals and was not paid overtime
for hours worked in excess of 40 hours in a workweek. In
granting that part of plaintiff's motion seeking a conditional
certification of a collective action under §216(b) of the FLSA
for her overtime and minimum wage claims, the district court
noted the following regarding her eligibility to collect
overtime compensation under state law:

22

> New York regulations also require that employees be paid overtime, though the quantum of overtime due depends on whether the employee is covered by the FLSA: Those who are so covered must receive overtime pay at the rate of one and one-half times their regular rate of pay while employees who are exempt from the FLSA need only receive overtime at the rate of one and one-half times the minimum wage. Id. § 142-2.2.

293 FSupp2d at 413 (emphasis added).

Based on these cases, it is clear to see that even though an employee is exempt based on his/her employment as a companion/domestic health aide, such status does not preclude an award of reduced overtime compensation under New York's Labor Law.

Moreover, although involving a wholly different exemption, the Supreme Court in Edwards v. Jet Blue Airways Corp., 21 Misc3d 1107(A) (Sup Ct Kings Cty 2008), held in a prior decision (19 Misc3d 345) that even though plaintiff, as an employee of an air carrier, subject to the Railway Labor Act, was exempt from regulation under the FLSA, and thus, ineligible for overtime compensation at a rate of one and one-half times his regular rate, he was not precluded from seeking overtime benefits under New York's Labor Law, which sets forth a reduced overtime rate for FLSA exempt employees as one and one-half times the basic minimum hourly rate. 12 NYCRR §142-2.2. However, the court also held, erroneously, that in the circumstances at issue, specifically where a plaintiff is exempt from the FLSA yet

23

earning more than one and one-half times the minimum wage, the reduced overtime rate in 12 NYCRR §142-2.2 should be calculated as the employee's regular rate plus half the applicable basic minimum hourly rate.

Defendant Jet Blue moved for leave to renew and/or reargue asserting that this holding was inconsistent with a then recent DOL Opinion Letter that addressed the facts of that case. The DOL stated in response that for an FLSA exempt employee, the reduced overtime rate should be calculated as one and one-half times the minimum wage rate, and if the employee had already been paid an amount that was equal to or greater than one and one-half times, the applicable minimum wage for all hours worked over forty, then the requirements of 12 NYCRR §142-2.2 "have been satisfied" and no further compensation beyond the one and one-half times minimum wage need be paid. 21 Misc3d 1107(A) at *2.

Based on this "new" evidence, the trial court granted Jet Blue's motion for leave to renew and upon renewal, vacated its prior decision requiring the defendant to pay plaintiff his regular rate plus one half the basic minimum hourly rate for hours worked over forty. 21 Misc3d 1107(A) at *4.

It is plain to see that the judgment must be reversed as the district court erred in holding that plaintiffs were not

24

entitled to claim overtime compensation, as provided for under New York Labor Law 12 NYCRR §142-2.2.

## **CONCLUSION**

Based on the foregoing, this Court should issue an order reversing the judgment appealed from, reinstate plaintiffs' overtime claims pursuant to 12 NYCRR §142-2.2, grant plaintiffs' cross-motion for partial summary judgment, and issue such other further and different relief as this Court deems just and proper.

Respectfully submitted,
Cilenti & Cooper, PLLC
Attorneys for Plaintiff-Appellant


By: Michael H. Zhu, Esq.

Michael H. Zhu, Esq. PC
225 Broadway, Third Floor
New York, NY 10007
212-227-2245
mzhu@mzhulaw.com

Michael H. Zhu, Esq.
Peter H. Cooper, Esq.
      Of counsel.

25

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(c), I hereby certify that this Brief complies with the type volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and Local Rule 32.1 because this Brief contains 5,826 words, excluding the parts of the Brief exempted by Rule 32(a)(7)(B)(iii).

I further certify that this Brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this Brief has been prepared in mono-spaced typeface using Microsoft Word 2016 with Courier New 12-point font.

Dated: September 25, 2019

_____

Michael H. Zhu